Filed 5/13/24  Narvaez v. Blue Wave Real Estate CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| EMERALD NARVAEZ,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>BLUE WAVE REAL ESTATE, INC. et al.,<br><br>    Defendants and Respondents. | D081120<br><br><br><br>(Super. Ct. No. 37-2022-00022442-CU-FR-CTL) |

APPEAL from orders of the Superior Court of San Diego County, Matthew C. Braner, Judge.  Affirmed.

Emerald Narvaez, in pro. per., for Plaintiff and Appellant.

Frank J. Polek for Defendants and Respondents Blue Wave Real Estate, Inc., Hoffman & Forde, and Stefan Seper.

Frank E. Noble for Defendant and Respondent Howard F. Burns.

Emerald Narvaez brought suit against her former landlords, Howard F. Burns and Blue Wave Real Estate, Inc. (Blue Wave), and their former counsel, Howard F. Burns, Hoffman & Forde, and Stefan Seper, after they prosecuted two successive and unsuccessful unlawful detainer actions against

her.  In her complaint, Narvaez, who is self-represented, asserted claims for retaliation, trespass, nuisance, deceit, fraud, declaratory relief, rescission, invasion of privacy, battery, intentional infliction of emotional distress, violation of the Tenant Protection Act, violation of the Tenant Relief Act, violation of the moratorium ordinance, and malicious prosecution.

Blue Wave, Hoffman & Forde, and Seper brought a special motion to strike Narvaez's malicious prosecution cause of action under Code of Civil Procedure section 425.16.[1]  Burns brought a separate anti-SLAPP motion seeking to strike the entire complaint against him.  The trial court granted both motions.  Narvaez now appeals from the orders, arguing the court erred in finding her claims arose from protected activity and that she had failed to meet her burden to show a probability of prevailing on the merits.  Because all of Narvaez's claims against Burns and her malicious prosecution claim against Blue Wave, Hoffman & Forde, and Seper arise from protected activity and she has not shown any merit to those claims, we affirm the orders.

---

[1]    Code of Civil Procedure section 425.16 is commonly referred to as the anti-SLAPP (strategic lawsuit against public participation) statute.  (*Jarrow Formulas, Inc. v. LaMarche* (2003) 31 Cal.4th 728, 732, fn. 1.)  Subsequent undesignated statutory references are to the Code of Civil Procedure.

FACTUAL AND PROCEDURAL BACKGROUND[2]

Narvaez entered into a lease with John Gates in August 2018 to rent a single family home owned by Gates. Thereafter, Gates discovered that Narvaez had sublet the house to another tenant and made improvements to the property, which he asserted violated the terms of the lease. As a result, Gates retained Burns to pursue an unlawful detainer action against Narvaez, which Burns filed on September 8, 2020. Before the case was resolved, Gates sold the property to Blue Wave, which retained Burns to continue to prosecute the unlawful detainer action. The action proceeded to trial on December 7, 2021. At trial, the court, on its own motion, dismissed the case without prejudice based on the San Diego County eviction moratorium ordinance that had been enacted in the wake of the COVID-19 pandemic. Thereafter, Burns's representation of Blue Wave ended.

Blue Wave then retained Hoffman & Forde and filed a second unlawful detainer action against Narvaez. Seper, an attorney with Hoffman & Forde, served as Blue Wave's counsel. Blue Wave alleged that Narvaez had not paid any rent for the past two years. The second unlawful detainer action proceeded to trial in May 2022. As it did before, the court, on its own motion,

2    Because we are reviewing the record on the court's rulings on anti-SLAPP motions, we take the factual background from the allegations of Narvaez's complaint, as well as from evidence presented to the court for purposes of the anti-SLAPP motions.

Narvaez asked this court to augment the record with a brief she filed in the initial unlawful detainer action titled "Defendant's Brief Re: Plaintiff's opposition to the court's finding that San Diego County Eviction Moratorium applies to this matter." The respondents opposed the motion to augment and it was deferred to this panel for consideration. Because the document was not presented to the trial court in the present case, the motion to augment is denied. (See *Vons Companies, Inc. v. Seabest Foods, Inc.* (1996) 14 Cal.4th 434, 444, fn. 3 ["Augmentation does not function to supplement the record with materials not before the trial court."].)

dismissed the action without prejudice, finding Blue Wave's notice to quit did not comply with the COVID-19 Tenant Relief Act because it did not contain the correct website address for California's COVID-19 Emergency Rental Assistance Funds Program. Blue Wave then retained new counsel to prosecute a third unlawful detainer action against Narvaez.

On June 13, 2022, Narvaez filed the underlying complaint against Gates, Blue Wave, Burns, Seper, and Hoffman & Forde.[3] The complaint asserted claims for retaliation, trespass, nuisance, deceit, fraud, declaratory relief, rescission, invasion of privacy, battery, intentional infliction of emotional distress, violation of the Tenant Protection Act, violation of the Tenant Relief Act, violation of the moratorium ordinance, and malicious prosecution.

In response to the complaint, Blue Wave, Hoffman & Forde, and Seper filed their anti-SLAPP motion to strike Narvaez's malicious prosecution claim. Burns filed his separate anti-SLAPP motion and sought dismissal of all claims against him. In support of his motion, Burns requested judicial notice of the pleadings and order in the initial unlawful detainer action. Narvaez opposed only Burns's motion and also requested judicial notice of the complaints, answers, and orders in the first and second unlawful detainer actions.

The trial court granted Burns's motion, finding his only involvement with Narvaez was as counsel for Gates and Blue Wave in the first unlawful detainer action. The court then found Burns established that the filing of the action, even if preceded by an invalid notice to quit (as the court in the unlawful detainer proceeding concluded), was protected petitioning activity

_____

[3] Narvaez also named two other defendants who are not relevant to this appeal.

4

and that all of the conduct alleged by Narvaez against Burns arose "solely from his representation of the property owners in ... bringing ...the first unlawful detainer action." The court also found that "because Burns acted solely as an attorney as to all conduct alleged against him in Narvaez'[s] complaint, his actions are protected under the litigation privilege [of] Civil Code section 47, and he is thus likely to prevail." The court rejected Narvaez's argument that she was likely to prevail on her malicious prosecution claim against Burns, finding the case had not been dismissed on the merits in favor of Narvaez and Burns had probable cause to file the unlawful detainer action. The court also granted both Burns's and Narvaez's requests for judicial notice.[4]

At the subsequent hearing on Blue Wave, Seper, and Hoffman & Forde's anti-SLAPP motion, the court granted the motion. It concluded that the malicious prosecution claim asserted against Seper and Hoffman & Forde was based on the protected activity of pursuing the unlawful detainer actions against Narvaez, and that Narvaez had not met her burden to show a probability of prevailing on her claim. Specifically, the court found that the conduct of Seper and his law firm was protected by the litigation privilege. The court also found that Narvaez's malicious prosecution claim against Blue Wave was based on the same protected conduct and that she could not prevail against Blue Wave because it's decisions to bring the unlawful detainer actions were based on Narvaez's failure to pay rent for two years.

---

[4] Before the hearing on Blue Wave, Hoffman & Forde, and Seper's anti-SLAPP motion, Narvaez filed an amended complaint, which removed her malicious prosecution cause of action, and removed Burns, Hoffman & Forde, and Seper as defendants. There is no indication in the record before this court that the amended complaint was considered by the trial court.

Narvaez timely appealed from both orders.[5]

DISCUSSION

I

*Legal Standards*

Section 425.16 sets a procedure for striking "lawsuits that are 'brought primarily to chill the valid exercise of the constitutional rights of freedom of speech and petition for the redress of grievances.' " (*Kibler v. Northern Inyo County Local Hosp. Dist.* (2006) 39 Cal.4th 192, 197.)  Under section 425.16, the "trial court evaluates the merits of the lawsuit using a summary-judgment-like procedure at an early stage of the litigation."  (*Varian Medical Systems, Inc. v. Delfino* (2005) 35 Cal.4th 180, 192.)

Section 425.16 provides, in pertinent part:  "A cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States Constitution or the California Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim."  (§ 425.16, subd. (b)(1).)

Resolution of an anti-SLAPP motion "thus involves two steps.  'First, the court decides whether the defendant has made a threshold showing that the challenged cause of action is one "arising from" protected activity.  [Citation.]  If the court finds such a showing has been made, it then must consider whether the plaintiff has demonstrated a probability of prevailing on

---

5    After granting his anti-SLAPP motion, the court also granted Burns's request for attorney's fees.  Narvaez appealed from that order, but has not addressed it in her briefing.  The order is not, therefore, properly before us. (See *Reichardt v. Hoffman* (1997) 52 Cal.App.4th 754, 764 [" ' "Obvious considerations of fairness in argument demand that the appellant present all of his points in the opening brief." ' "].)

the claim.'" (*Oasis West Realty, LLC v. Goldman* (2011) 51 Cal.4th 811, 819–820.) " 'Only a cause of action that satisfies *both* prongs of the anti-SLAPP statute—i.e., that arises from protected speech or petitioning *and* lacks even minimal merit—is a SLAPP, subject to being stricken under the statute.' " (*Id.* at p. 820.)

"A defendant satisfies the first step of the analysis by demonstrating that the 'conduct by which plaintiff claims to have been injured falls within one of the four categories described in subdivision (e) [of section 425.16]' (*Equilon [Enterprises v. Consumer Cause, Inc.* (2002) 29 Cal.4th 53,] 66), and that the plaintiff's claims in fact arise from that conduct (*Park v. Board of Trustees of California State University* (2017) 2 Cal.5th 1057, 1063)." (*Rand Resources, LLC v. City of Carson* (2019) 6 Cal.5th 610, 620.) Subdivision (e) provides that [an] " 'act in furtherance of a person's right of petition or free speech under the United States or California Constitution in connection with a public issue' includes: (1) any written or oral statement or writing made before a legislative, executive, or judicial proceeding, or any other official proceeding authorized by law, (2) any written or oral statement or writing made in connection with an issue under consideration or review by a legislative, executive, or judicial body, or any other official proceeding authorized by law, (3) any written or oral statement or writing made in a place open to the public or a public forum in connection with an issue of public interest, or (4) any other conduct in furtherance of the exercise of the constitutional right of petition or the constitutional right of free speech in connection with a public issue or an issue of public interest." (§ 425.16, subd. (e).)

"A defendant's burden on the first prong is not an onerous one. A defendant need only make a prima facie showing that plaintiff's claims arise

from the defendant's constitutionally protected free speech or petition rights. [Citation.] ' "The Legislature did not intend that in order to invoke the special motion to strike the defendant must first establish [his or] her actions are constitutionally protected under the First Amendment as a matter of law." [Citation.] "Instead, under the statutory scheme, *a court must generally presume the validity of the claimed constitutional right in the first step of the anti-SLAPP analysis*, and then permit the parties to address the issue in the second step of the analysis, if necessary. [Citation.] Otherwise, the second step would become superfluous in almost every case, resulting in an improper shifting of the burdens." ' " (*Optional Capital, Inc. v. Akin Gump Strauss, Hauer & Feld LLP* (2017) 18 Cal.App.5th 95, 112.)

"If the defendant makes the required showing, the burden shifts to the plaintiff to demonstrate the merit of the claim by establishing a probability of success. We have described this second step as a 'summary-judgment-like procedure.' " (*Baral v. Schnitt* (2016) 1 Cal.5th 376, 384 (*Baral*).) With respect to this second prong, "in order to establish the requisite probability of prevailing (§ 425.16, subd. (b)(1)), the plaintiff need only have ' "stated and substantiated a legally sufficient claim." ' [Citations.] 'Put another way, the plaintiff "must demonstrate that the complaint is both legally sufficient and supported by a sufficient prima facie showing of facts to sustain a favorable judgment if the evidence submitted by the plaintiff is credited." ' " (*Navellier v. Sletten* (2002) 29 Cal.4th 82, 89.)

For purposes of both prongs of an anti-SLAPP motion, "[t]he court considers the pleadings and evidence submitted by both sides, but does not weigh credibility or compare the weight of the evidence. Rather, the court's responsibility is to accept as true the evidence favorable to the plaintiff." (*HMS Capital, Inc. v. Lawyers Title Co.* (2004) 118 Cal.App.4th 204, 212.)

8

"Review of an order granting or denying a motion to strike under section 425.16 is de novo.  [Citation.]  [Like the trial court, we] consider 'the pleadings, and supporting and opposing affidavits … upon which the liability or defense is based.'  (§ 425.16, subd. (b)(2).)"  (*Soukup v. Law Offices of Herbert Hafif* (2006) 39 Cal.4th 260, 269, fn. 3 (*Soukup*).)

II

*Analysis*

A

*Prong One*

Narvaez makes several arguments concerning the first prong of the anti-SLAPP analysis.  First, after conceding there "is no question that the prosecution of an unlawful detainer action is indisputably protected activity," Narvaez asserts that her complaint is not premised on the respondents' protected activities because she is suing them based on "retaliation during [her] tenancy," "illegally locking [her] out," and "breaches of tenant protection laws."  Narvaez next asserts that the unlawful detainers filed against her were not viable because her lease with the property owners was "forfeited" by the landlord and, therefore, she was not obligated to pay rent.  Citing *Banuelos v. LA Investment, LLC* (2013) 219 Cal.App.4th 323, she also argues that "[r]etaliation is specifically exempted from Anti-SLAPP analysis."  Finally, Narvaez asserts that her claims arise from Gates's and Blue Wave's attempts to evict her, and not on the protected activity of prosecuting the unlawful detainer actions.

Narvaez's arguments do not support reversal of the trial court's findings that all of her claims against Burns and her claim for malicious prosecution against Blue Wave, Seper, and Hoffman & Forde arose from protected petitioning activity.  With respect to Narvaez's argument that these

9

claims are not based on the unlawful detainer actions, the contents of her initial complaint contradict this assertion. As discussed, the complaint sets forth causes of action for retaliation, trespass, nuisance, deceit, fraud, declaratory relief, rescission, invasion of privacy, battery, intentional infliction of emotional distress, violation of the Tenant Protection Act, violation of the Tenant Relief Act, violation of the moratorium ordinance, and malicious prosecution. However, none of the allegations in the complaint connect the attorneys to anything except their involvement in the prosecution of the unlawful detainer actions. As Narvaez concedes, this conduct is protected petitioning activity. (See *Birkner v. Lam* (2007) 156 Cal.App.4th 275, 282 (*Birkner*) [if a "termination notice is a legal prerequisite for bringing an unlawful detainer action, as it is in this case [citations], service of such a notice does constitute activity in furtherance of the constitutionally protected right to petition"]; *Feldman v. 1100 Park Lane Associates* (2008) 160 Cal.App.4th 1467, 1480 (*Feldman*) [unlawful detainer actions are "included in the wide ambit of the anti-SLAPP statute"]; *Winslett v. 1811 27th Avenue, LLC* (2018) 26 Cal.App.5th 239, 248 (*Winslett*) ["The filing of an unlawful detainer complaint is anti-SLAPP protected activity, as is service of a notice of termination preceding an unlawful detainer complaint."].)

With respect to the malicious prosecution claim against Blue Wave, as the trial court found, the allegations in Narvaez's initial complaint for this claim concern only the unlawful detainer actions. She alleges: "Defendants had full knowledge that the unlawful detainer was unlawful and for retaliatory purposes only. Defendants Howard Burns, Stefan Seper, and Hoffman & Forde are particularly liable for the malicious prosecution because as the attorneys with full knowledge of the facts, notice, the duty of inquiry and the ethical obligation not to prosecute an unmeritorious case,

10

[a]ll three nevertheless continued prosecuting the actions, with the intent to cause the Plaintiff harm, permanently damage the Plaintiffs credit, and maximize the Plaintiffs suffering.  Defendants filed [two] cases ... in San Diego Superior Court and Plaintiff was awarded judgment in her favor.  Plaintiff has suffered and continues to suffer damages as the direct and proximate result of such malicious prosecution in the amount of $100,000.00.  Plaintiff is entitled to punitive damages due to the malicious, fraudulent and oppressive nature of Defendants misconduct."  As the trial court correctly found, this claim arises exclusively from the protected activity of bringing the unlawful detainer actions.  Contrary to Narvaez's assertion in her appellate brief, this claim contains no reference to "retaliation during her tenancy," "illegally locking [her] out," or "breaches of tenant protection laws."  Nor do the allegations identify eviction, as Narvaez argues, as a basis for her malicious prosecution claim.

Narvaez's argument that Gates or Blue Wave forfeited the lease, invalidating the unlawful detainer actions also does not undermine the protected nature of the conduct at issue.  As an initial matter, because this argument was not raised in the trial court, it is forfeited.  (See *Hewlett-Packard Co. v. Oracle Corp.* (2021) 65 Cal.App.5th 506, 548 (*Hewlett-Packard*) [" ' "As a general rule, theories not raised in the trial court cannot be asserted for the first time on appeal; appealing parties must adhere to the theory (or theories) on which their cases were tried.  This rule is based on fairness—it would be unfair, both to the trial court and the opposing litigants, to permit a change of theory on appeal." ' "].)  Additionally, the argument is unclear and incoherent.  In support of the argument, Narvaez cites to the second cause of action in Gates's unlawful detainer complaint for holding over after the expiration of the 60-day notice terminating the

11

tenancy, which explains that the notice included an election of forfeiture. The complaint, however, does not establish that Gates "forfeited" the lease agreement or the tenancy. After the termination of the lease, Narvaez was not relieved of all liability and immune from legal process. Rather, as she states, she likely remained at the property under a tenancy at will.

Likewise, *Banuelos v. LA Investment, LLC* (2013) 219 Cal.App.4th 323 (*Banuelos*), does not show that Narvaez's claims against Burns, Seper, and Hoffman & Forde do not arise from protected petitioning activity. As with Narvaez's forfeiture argument, she did not raise this argument in the trial court. We decline to address this argument for the first time on appeal. (See *Hewlett-Packard, supra*, 65 Cal.App.5th at p. 548.)

However, even if we were to reach the issue, *Banuelos* does not undermine our conclusion that the malicious prosecution claim arises from protected activity. *Banuelos* held that Civil Code section 1942.5, which makes it unlawful for a landlord to evict a tenant in retaliation for exercising certain rights, may create an exception to the litigation privilege under Civil Code section 47, subdivision (b). (*Banuelos, supra*, 219 Cal.App.4th at p. 326.) *Banuelos* does stand for the proposition that the litigation privilege might not preclude a claim for retaliation under Civil Code section 1942.5, but it is not relevant to the question of whether a claim for malicious prosecution *arises* from protected petitioning activity. That question is settled in this case by the fact that Narvaez's malicious prosecution claim is based on the filing of the unlawful detainer actions, conduct that is unquestionably protected. (See *Winslett, supra*, 26 Cal.App.5th at p. 248.)

Finally, we are not persuaded by Narvaez's argument that all of her claims against Burns and her claim for malicious prosecution arise not from the prosecution of the unlawful detainer actions, but from Gates's and Blue

12

Wave's attempts to evict her.  This argument is contradicted by Narvaez's complaint.  As discussed, the complaint contains no allegations about the attorney defendants separate from the filing of the unlawful detainer actions and it premises the malicious prosecution claim exclusively on the filing of those actions.  Accordingly, we agree with the trial court that these claims arise from protected activity, satisfying the first prong of the anti-SLAPP analysis.

B

*Prong Two*

The trial court concluded that Narvaez failed to meet her burden to show a probability of prevailing on her claims against Burns and on her claim for malicious prosecution.  We agree.  With respect to Burns, Narvaez provided no evidence to overcome Burns's assertion that his act of filing the initial unlawful detainer action against Narvaez was protected by the litigation privilege of Civil Code section 47, subdivision (b).  "The litigation privilege is 'relevant to the second step in the anti-SLAPP analysis in that it may present a substantive defense a plaintiff must overcome to demonstrate a probability of prevailing.' " (*Feldman, supra*, 160 Cal.App.4th at p. 1485.) To overcome this bar, Narvaez must show that this privilege is inapplicable as a matter of law or make a prima facie showing of facts that, if accepted, would negate the defense.  (*Birkner v. Lam, supra*, 156 Cal.App.4th at p. 285.)

"The litigation privilege, codified at Civil Code section 47, subdivision (b), provides that a 'publication or broadcast' made as part of a 'judicial proceeding' is privileged." (*Action Apartment Assn., Inc. v. City of Santa Monica* (2007) 41 Cal.4th 1232, 1241.)  "The usual formulation is that the privilege applies to any communication (1) made in judicial or quasi-

13

judicial proceedings; (2) by litigants or other participants authorized by law; (3) to achieve the objects of the litigation; and (4) that [has] some connection or logical relation to the action." (*Silberg v. Anderson* (1990) 50 Cal.3d 205, 212, (*Silberg*).) "The privilege 'is not limited to statements made during a trial or other proceedings, but may extend to steps taken prior thereto, or afterwards.' " (*Action Apartment*, at p. 1241.) Where it applies, the privilege is absolute, providing a defense "to all publications, irrespective of their maliciousness." (*Silberg,* at pp. 212, 215−216.)

The purpose behind the litigation privilege is to afford litigants and witnesses the "utmost freedom of access to the courts without fear of being harassed subsequently by derivative tort actions." (*Silberg, supra*, 50 Cal.3d at p. 213.) To achieve this purpose, courts have applied the litigation privilege broadly. (*Feldman, supra*, 160 Cal.App.4th at p. 1485.) Its breadth " 'cannot be understated. It immunizes defendants from virtually any tort liability (including claims for fraud) with the sole exception of causes of action for malicious prosecution. [Citation.]' [Citation] 'Any doubt about whether the privilege applies is resolved in favor of applying it.' " (*Finton Construction, Inc. v. Bidna & Keys, APLC* (2015) 238 Cal.App.4th 200, 212; see also *McNair v. City and County of San Francisco* (2016) 5 Cal.App.5th 1154, 1162 [same].)

The inquiry here is straightforward. Narvaez claims that Burns's participation in the filing of the initial unlawful detainer complaint was unlawful. She provides no evidence to support this allegation aside from the declaration she submitted in the trial court in support of her opposition to that motion. Therein, with respect to Burns, Narvaez stated only that "Mr. Burns was hostile, mean and nasty to me, attempting to prematurely

14

take my default, accusing me of dilatory tactics for my motion to quash and demurrer," and that "Burns was silent on his responses to my defenses."

We agree with the trial court that all the requirements for the litigation privilege, as laid out in *Silberg, supra*, 50 Cal.3d at page 212, are satisfied: (1) Narvaez's claims against Burns rest on communications (the complaint) in a judicial proceeding (the unlawful detainer litigation against Narvaez); (2) Burns was a participant (as counsel for Gates and Blue Wave) in the proceeding; (3) the complaint was designed to achieve the objects of that litigation (evicting Narvaez for breaching the lease agreement); and (4) filing those documents bore a logical, clear relation to the prosecution of an unlawful detainer action. The litigation privilege therefore applies. (See *Rusheen v. Cohen* (2006) 37 Cal.4th 1048, 1058 ["The '[p]leadings and process in a case are generally viewed as privileged communications.' "].) With the exception of the malicious prosecution action, which is not barred outright and we discuss next, all of Narvaez's claims against Burns are barred by the litigation privilege. Thus, she has not shown a probability of prevailing on the merits of the non-malicious prosecution claims.

Narvaez also failed to show a probability of prevailing on her malicious prosecution claim. In order to prevail on that claim, Narvaez was required to show the underlying action was: "(i) initiated or maintained by, or at the direction of, the defendant, and pursued to a legal termination in favor of the ... plaintiff; (ii) initiated or maintained without probable cause; and (iii) initiated or maintained with malice." (*Parrish v. Latham & Watkins* (2017) 3 Cal.5th 767, 775–776.) Further, as stated, at the second prong of the anti-SLAPP analysis, Narvaez carries the burden of showing her claim has minimal merit. (See *Baral, supra,* 1 Cal.5th at p. 384 ["the burden shifts to the plaintiff to demonstrate the merit of the claim by establishing a

15

probability of success."].) In the trial court, Narvaez did not submit any evidence to dispute the fact that Gates and Blue Wave initiated the unlawful detainer actions based on Narvaez's breach of the lease agreement and subsequent failure to pay rent. This undisputed evidence foreclosed Narvaez's claim that the actions were brought without probable cause.

In addition, Narvaez did not dispute the fact that the cases were brought without malice. Malice " 'relates to the subjective intent or purpose with which the defendant acted in initiating the prior action. [Citation.] The motive of the defendant must have been something other than ... the satisfaction in a civil action of some personal or financial purpose. [Citation.] The plaintiff must plead and prove actual ill will *or* some *improper* ulterior motive.' " (*Soukup, supra*, 39 Cal.4th at p. 292.)

"The lack of probable cause is one factor in determining the presence of malice, but alone it is insufficient." (*Jay v. Mahaffey* (2013) 218 Cal.App.4th 1522, 1543.) "Such other evidence 'is not limited to actual hostility or ill will toward the plaintiff. Rather, malice is present when proceedings are instituted primarily for an improper purpose.' [Citation.] 'Suits with the hallmark of an improper purpose' include 'those in which: " '... (1) the person initiating them does not believe that his claim may be held valid; (2) the proceedings are begun primarily because of hostility or ill will; (3) the proceedings are initiated solely for the purpose of depriving the person against whom they are initiated of a beneficial use of his property; (4) the proceedings are initiated for the purpose of forcing a settlement which has no relation to the merits of the claim.' " ' " (*Ibid*.)

Here, Narvaez did not oppose Blue Wave, Seper, and Hoffman & Forde's motion to strike the malicious prosecution claim and presented no evidence to support her allegation that the unlawful detainer actions were

instituted for an improper purpose.  Put simply, Narvaez has not satisfied her burden to show her claim for malicious prosecution has even minimal merit.  We affirm the trial court's order granting the motion.

## DISPOSITION

The orders are affirmed.  Costs of appeal are awarded to Respondents.


McCONNELL, P. J.

WE CONCUR:


O'ROURKE, J.


BUCHANAN, J.